UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No.02:07-cv-221 |
| | § | |
| 2000 Freightliner Tractor, | § | |
| VIN 1FUPCDZB40141 | § | |
|    Defendant. | § | |

## OPINION AND ORDER GRANTING MOTION TO STRIKE ANSWER

This is an *in rem* forfeiture action under 21 U.S.C. § 881(a)(4). Before the Court is the United States' Motion to Strike the Answer of claimant Daniel Flores. (D.E. 4, 7). For the following reasons, the Court GRANTS plaintiff's Motion to Strike (D.E. 7).

As required by Rule G(4) of the Supplemental Rules for Admiralty and Maritime and Asset Forfeiture Actions, The United States published notice of this action in *The Corpus Christi Caller Times* on June 8, 15, and 22 of 2007.[1] To assert an interest in a defendant property, a claimant must first file a verified claim within thirty days of the last day of publication. Rule G(5)(a)(ii)(B). After filing a verified claim, a party asserting an interest must then file an answer within twenty days. Rule G(5)(b); *United States v. One 1988 Dondge Pickup*, 959 F.2d 37, 42 n.6 (5th Cir. 1992).

---

1. The United States also had the obligation to send direct notice to all known potential claimants, which, no later than May 29, 2007, included Daniel Flores. *See* Rule G(4)(b)(i) (requiring direct notice be sent within thirty days of the last day of publication). There is nothing on the docket sheet that indicates the United States complied with this requirement. However, the potential claimant at issue in this motion, Daniel Flores, had actual notice of this forfeiture action, as evidenced by the answer filed on May 29, 2007, and thus he "may not oppose or seek relief from forfeiture because of the government's failure to send the required [direct] notice." Rule G(4)(b)(v).

The required verified claim must identify the specific property claimed, state the claimant's interest in the property, and be signed by the claimant. Rule G(5)(a). Courts require strict compliance with these rules. *E.g.*, *U.S. v. $38,570 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992). The timely filing of a verified claim is "an essential and necessary element" of any claim in an *in rem* forfeiture proceeding. *U.S. v. Beechcraft Queen Airplane Serial No. LD-24*, 789 F.2d 627, 630 (8th Cir. 1986). A claim filed with the DEA or other administrative agency does not satisfy the requirements of Rule G(5)—the verified claim must also be filed in the District Court. *Id.* at 630; *United States v. One 1990 Mercedes*, 926 F. Supp. 1, 4 (D.D.C. 1996).

Daniel Flores has not filed a verified claim in this case. He did file an answer, but it does not satisfy Rule G(5)(a)(i) and thus cannot serve as a verified claim. The answer does not state the claimant's interest in the property. Other than in the caption, the answer does not identify the property. Finally, the answer was not signed by the claimant, and there is no accompanying affidavit.

The Answer, which was signed by Flores's attorney, states that it is filed "by and through . . . undersigned counsel." There is one unpublished Fifth Circuit opinion that suggests that an attorney may file and sign the verified claim on behalf of a client. *U.S. v. One 1998 Mercury Sable,* 122 Fed. Appx. 760, 764 (5th Cir. 2004). However even that opinion contemplates a verification involving more than a simple attorney signature under Rule 11. *Id.* Furthermore, if the claim is verified by an attorney or other agent, it must state that the person making the verified claim is doing so with specific authorization. *See* 12

WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3223 (2d ed. 1997). The purpose of the rule requiring timely verification is to discourage false claims and to encourage all interested parties to come forward as soon as possible. *United States v. U.S. Currency in the Amount of $2,857*, 754 F.2d 208, 213 (7th Cir. 1985). The Court holds that the claimant's answer does not sufficiently satisfy the requirements of Rule G.

The United States Motion to Strike was filed June 15, 2007. Claimant has not filed a response, or offered any explanation for the failure to satisfy Rule G(5).

Accordingly, the Court GRANTS The United States Motion to Strike (D.E. 7). The Court ORDERS the clerk to strike Claimant's Original Answer (D.E. 4) from the docket sheet of this case.

ORDERED August 24, 2007

_____
HAYDEN HEAD
CHIEF JUDGE